## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| SUSAN OGDEN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:18-cv-358 |
| | § | |
| | § | |
| COZUMEL, INC. (d/b/a El | § | JURY TRIAL |
| Arroyo), | § | |
| Defendant. | § | |
| | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

This case is about restoring rightful ownership and control of trademark rights. The El Arroyo restaurant on West Sixth Street has been an Austin institution since the 1970s. Since Robert Ogden opened the business, only one family—the Ogdens—have owned and controlled the EL ARROYO mark. Since the late 1980s, Cozumel, Inc. has operated the El Arroyo restaurant. During that time, Cozumel has at various times tried to acquire or buy out the Ogdens' interest in the EL ARROYO mark. Having been unsuccessful in their attempts, Cozumel has sought and continues to seek to usurp the EL ARROYO mark.

Susan Ogden, Robert Ogden's daughter and present owner of the EL ARROYO mark, brings this action for cancellation (or transfer) of Cozumel's fraudulently obtained federal registration (U.S. Service Mark Reg. No. 2,062,437)

and for a declaration of her rights concerning the "EL ARROYO" service mark (including Texas Service Mark Registration Number 04985917).

## THE PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Susan Ogden is a resident of Travis County, Texas.  She owns the "EL ARROYO" mark, succeeding in interest through her late mother and father who founded the El Arroyo restaurant.

2.     Defendant Cozumel, Inc. ("Cozumel") is a Texas corporation having its principal office at 2815 Manor Road, Austin, Texas 78722.

3.     Cozumel operates the El Arroyo restaurant at 1624 W. 5th Street, Austin, Texas 78703.

4.     Cozumel may be served via its registered agent, Ellis Winstanley, 2815 Manor Road, Austin, Texas 78722.

5.     Ms. Ogden's claims arise under the trademark laws of the United States, namely 15 U.S.C. §1051 *et seq*., under the trademark laws of the State of Texas, namely Tex. Bus. & Com. Code §16.001 *et seq.*, Chapter 37 of the Texas Civil Practice and Remedies Code, and under the Declaratory Judgment Act of the United States, 28 U.S.C. §§ 2201 and 2202.

6.     This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§1331, 1338(a), 1338(b), and 2201.

7.     This Court has ancillary subject matter jurisdiction over Plaintiff's

state-law claims under 28 U.S.C. §1367(a).

8.     An actual controversy exists concerning Defendant's use of the EL ARROYO service mark because Cozumel obtained its U.S. Service Mark Registration through fraud and intends to continue using the EL ARROYO service mark despite Plaintiff's prior, superior, and exclusive rights in and to the EL ARROYO service mark.

9.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because Cozumel resides in this District, a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, and because Cozumel is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

10.     Robert and Mary Ogden opened the El Arroyo restaurant at 1624 W. 5th Street in Austin, TX in the 1970s.

11.     El Arroyo has never moved locations, but the famous location would never have happened had it not been for Mary Ogden's persistence.  She negotiated the purchase of the 5th Street location while her husband was out of the country on business after he had voiced his desire to pass on the deal.  Mary went ahead anyway, and thus began El Arroyo.

12.     The restaurant was a family operation.  During her childhood, Susan Ogden and her brother spent many hours working there.  She worked the cash

register when she was just old enough to see over it, and her father taught her how to calculate sales tax (then just 5%) in her head. Susan brought along her friends from Austin High to share her family business perks. To this day, bricks she and her brother laid still ring trees on the property.

13.    The Ogden family successfully operated the restaurant for a time and established El Arroyo as a reliable Austin institution.

14.    On December 1, 1989, the Texas Secretary of State issued to Robert Ogden a Certificate of Trademark or Service Mark Registration, No. 049859. Exhibit A. The application attached to the certificate includes this specimen:



15.    Next, Craig Gatewood took over running the restaurant for a few years until Clay McPhail and Doug English took over in the late 1980s. English eventually sold his interest to McPhail who ran the business over a period of steady decline.

16.    In their initial lease agreement, McPhail and English acknowledged

Ogden's ownership of the EL ARROYO mark.

17.    Between 1987 and 1993, McPhail and English reaffirmed their understanding Ogden owned and controlled the EL ARROYO mark.

18.    Clay McPhail repeatedly defended the Ogden family's rights to the El Arroyo name and mark.  He earned the family's trust by defending against anyone who would presume to take what the Ogdens had built.

19.    That all changed in 1993 when McPhail and English secretly applied for federal registration of the EL ARROYO mark.

20.    In the 1993 trademark application by Cozumel, McPhail made fraudulent representations to the trademark office that Cozumel had the exclusive rights to the EL ARROYO mark.

21.    McPhail and English never told Robert Ogden they had submitted the application for federal registration.

22.    Cozumel's surreptitious efforts to take the EL ARROYO mark from the Ogdens started the chain of events that lead to this suit.

23.    Despite his representations to the Trademark Office, even after the 1993 application, McPhail repeatedly acknowledged that the Ogden family owned the mark by offering to purchase the name from Robert Ogden.  Mr. Ogden refused.

24.    Robert Ogden died in 2009, after which time McPhail attempted to purchase the name and mark from Mary Ogden.  She refused and told him she would

never sell.

25.     Over the years, the Ogdens and Cozumel entered into a series of agreements governing the lease for the El Arroyo location and use of the El Arroyo mark.  At all times, Cozumel acknowledged that it needed Ogden's consent to use the El Arroyo mark.

26.     At no time did the Ogdens grant Cozumel any assignment, covenant, or other rights or interest under the EL ARROYO mark that did not require the Ogdens' express consent and authorization to use the mark.

27.     The Ogdens never conveyed ownership to the EL ARROYO mark to Cozumel or any party outside the family.

28.     In 2012, Ellis Winstanley and the current incarnation of Cozumel, Inc. took over and, for a brief time, successfully operated the business.  Now, however, El Arroyo is not the popular and reliable restaurant it once was.  Cozumel, Inc. has failed to live up to its lease obligations and is under an eviction order, which it has appealed.  This has triggered Ms. Ogden to exercise her obligation to maintain the quality and goodwill associated with the EL ARROYO mark.  Cozumel's clear intent to disregard Ms. Ogden's ownership and take with it the valuable El Arroyo mark caused Ms. Ogden to file this suit.

## THE MARKS AT ISSUE

29.     In 1989, Mr. Ogden secured a Texas registration for the EL AROOYO

mark in connection with Restaurant Services (Reg. No. 4985917) (Ex. A).

30.     The EL ARROYO mark has been in continuous use since 1975 and the Texas Registration has been renewed twice, most recently on November 4, 2009. The Registration is valid and subsisting.

31.     On November 4, 2009, all right, title, and interest to the EL ARROYO mark passed to Mary Ogden via will, and Susan Ogden acquired all right, title, and interest in and to the EL ARROYO mark in February 2013.

32.     Plaintiff has in the past licensed the EL ARROYO mark to Cozumel for limited use.

33.     Plaintiff has in the past licensed the EL ARROYO mark to Cozumel only as long as it operates the El Arroyo restaurant and eatery located at 1624 W. 5th Street, Austin, Texas 78703.

34.     On June 14, 1993, unbeknownst to Robert or Mary Ogden or to Plaintiff, Cozumel filed for a federal trademark registration for "El Arroyo" in connection with "restaurant services, namely, providing food and beverages to customers."

35.     Cozumel's application succeeded, and the EL ARROYO federal mark registration is dated May 20, 1997.

36.     Since May 20, 1997, notwithstanding its fraudulently obtained federal registration, Cozumel has tried to purchase the mark from the Ogdens.

37.     McPhail never obtained permission from the Ogdens nor had the right to register the EL ARROYO mark.

38.     Cozumel has renewed its federal registration in May of 2003, May of 2007, and most recently in November of 2017, perpetuating its fraud for over twenty years.

39.     In December 2006 and May 2007, Cozumel submitted the following mark specimen, which is identical to the specimen submitted by Robert Ogden in the 1980s, to the Trademark Office:



## COUNT I
## DECLARATORY JUDGMENT OF "El Arroyo" TRADEMARK OWNERSHIP

40.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

41.     Under Tex. Bus. & Comm. Code § 16.060, Plaintiff's Texas

Registration is prima facie proof of (1) the validity of the registration; Plaintiff's ownership of the mark; and Plaintiff's exclusive right to use the mark in commerce in this state in connection with restaurant services.

42.    Plaintiff has never assigned the EL ARROYO trademark to anyone, including Cozumel.  On the contrary, Plaintiff has filed two renewals of its "El Arroyo" registrations with the Texas Secretary of State; one in November of 1999, and most recently in November of 2009.

43.    Plaintiff only provided a limited, nonexclusive license to Cozumel to use the EL ARROYO mark while it leased Plaintiff's property at 1624 W. 5th Street.

44.    Cozumel acknowledged Plaintiff's ownership of the EL ARROYO mark repeatedly during negotiations in 2008 seeking to buy the rights to the name from Plaintiff's mother, Mary Ogden.

45.    Cozumel, through its federal trademark application and subsequent declarations to the United States Patent and Trademark Office, claims it owns all right, title, and interest - to the exclusion of Plaintiff's rights in and to the EL ARROYO mark - to the use of EL ARROYO as a service mark in Texas.

46.    Cozumel has asserted that it does not need a license, or any other form of permission, from Plaintiff to use EL ARROYO as a service, even if it ceases to lease the 1624 W. 5th Street property from Plaintiff.

47.     There is therefore an actual controversy between the parties as to the

current ownership of the EL ARROYO mark, and the scope of any license granted to Cozumel to use the EL ARROYO mark that is definite and concrete.

48.     Plaintiff is entitled to a declaration that she is the rightful and sole owner of the EL ARROYO mark in Texas and under Federal common law 15 U.S.C § 1125.

49.     Plaintiff is entitled to a declaration that Cozumel may not use the "El Arroyo" mark if its lease to Plaintiff at 1624 W. 5th Street, Austin, Texas 78757 terminates for any reason.

50.     Plaintiff is entitled to a declaration that Cozumel may not use the "El Arroyo" mark in connection with any restaurant service beyond the scope of the Parties' license.

## COUNT II
## CANCELLATION OF COZUMEL'S "El Arroyo" FEDERAL MARK

51.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

52.     On or about June 11, 1993, attorney Gary W. Hamilton, on behalf of Cozumel, Inc., submitted to the Commissioner of Patents and Trademarks an application for the mark "El Arroyo" ("Cozumel's Application").

53.     Cozumel's Application stated that "Applicant has adopted and is using the trademark shown in the accompanying drawing for the following goods: restaurant services; namely food and beverages[.]"

54.     Cozumel's Application included a signed statement by Clay McPhail ("the McPhail Statement").

55.     The McPhail statement identified Clay McPhail as "President."

56.     On information and belief, on or about June 11, 1993, Clay McPhail was the President of Cozumel.

57.     The McPhail Statement was made under penalty of perjury pursuant to 18 U.S.C. §1001.

58.     The McPhail Statement was made on or about June 11, 1993.

59.     In the McPhail Statement, Mr. McPhail claimed that "he believes [Cozumel] to be the owner of the mark sought to be registered[.]"

60.     As of the time of the McPhail Statement, Mr. McPhail knew that the EL ARROYO mark had been registered in Texas.

61.     As of the time of the McPhail Statement, Mr. McPhail knew that the EL ARROYO mark was in use by Plaintiff in connection with "restaurant services."

62.     As of the time of the McPhail Statement, Mr. McPhail knew that someone other than Cozumel owned the EL ARROYO mark.

63.     In the McPhail Statement, Mr. McPhail's falsely claimed that "he believes [Cozumel] to be the owner of the mark sought to be registered[.]"

64.     In the McPhail Statement, Mr. McPhail claimed that "to the best of his knowledge and belief no other person, firm, corporation or association has the right

to use said mark in commerce, either in the identical form or in such near resemblance thereto as to be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake, or to deceive[.]"

65.    As of the time of the McPhail Statement, Mr. McPhail knew that Plaintiff had the right to use the "El Arroyo" mark in commerce for restaurant services.

66.    As of the time of the McPhail Statement, Mr. McPhail knew that Plaintiff had the right to use the "El Arroyo" mark "in commerce, either in the identical form or in such near resemblance thereto as to be likely, when applied to the goods and services of Plaintiff, to cause confusion, or to cause mistake, or to deceive."

67.    In the McPhail Statement, Mr. McPhail's falsely claimed that "to the best of his knowledge and belief no other person, firm, corporation or association has the right to use said mark in commerce, either in the identical form or in such near resemblance thereto as to be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake, or to deceive[.]"

68.    In the McPhail Statement, Mr. McPhail falsely claimed that "the facts set forth in this application are true."

69.    The Patent and Trademark Office relied on the McPhail Statement in determining to grant the Federal registration of the EL ARROYO mark.

70.    The McPhail Statement constitutes fraud.

71.    Because the EL ARROYO Federal registration was obtained fraudulently it is subject to cancellation and should be cancelled or transferred to Plaintiff pursuant to 15 U.S.C. § 1119.

72.    Furthermore, because Cozumel was not the owner of the EL ARROYO mark under 15 U.S.C. § 1051, the Court should cancel or transfer the registration to Plaintiff pursuant to 15 U.S.C. § 1119.

## COUNT III – BREACH OF CONTRACT

73.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

74.    Cozumel's fraudulent registration constitutes a breach of contract under Texas law.

## JURY DEMAND

75.    Plaintiff hereby demands a trial by jury for all issues triable by a jury.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for relief as follows:

a)    A declaration that Plaintiff is the rightful and sole owner of the EL ARROYO mark;

b)    A declaration that Cozumel may not use the EL ARROYO Texas mark in connection with any restaurant at a location other than Cozumel's current "El

Arroyo" restaurant at 1624 W. 5th Street, Austin, Texas 78703;

c)     A finding that Cozumel obtained the EL ARROYO Federal mark registration by fraud;

d)     An order that the EL ARROYO federal mark, U.S. Trademark Registration 2,062,437, shall be and be transferred to Plaintiff or cancelled;

e)     Reasonable and necessary attorney's fees pursuant to Chapters 37 and 38 of the Texas Civil Practice and Remedies Code;

f)     Costs of suit; and

g)     An award of such other and further relief as the Court deems just and proper.

Filed: April 30, 2018

                              Respectfully submitted,


                         By: _____

                              Jason W. Snell
                              Texas Bar No. 24013540
                              John Robert Skrabanek
                              Texas Bar No. 24070631
                              THE SNELL LAW FIRM, PLLC
                              1615 W. 6th Street, Suite A
                              Austin, Texas 78703
                              (512) 477-5291 -Telephone
                              (512) 477-5294- Fax
                              firm@snellfirm.com- Email

                              Cabrach J. Connor

Texas Bar No. 24036390
Email: Cab@connorkudlaclee.com
Jennifer Tatum Lee
Texas Bar No. 24046950
Email: Jennifer@connorkudlaclee.com
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road
Suite 450
Austin, Texas 78746
512.777.1254 (main)
888.587.1134 (fax)

**ATTORNEYS FOR PLAINTIFF**