# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SUSAN OGDEN and ROBERT L. AND MARY D. OGDEN LIMITED PARTNERSHIP,<br>*Plaintiffs,*<br><br>v.<br><br>COZUMEL, INC. D/B/A EL ARROYO,<br>*Defendant.* | CIVIL NO. A-18-CV-00358-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are three motions filed by Defendant Cozumel, Inc.: Motion to Dismiss against Plaintiffs Susan Ogden and Robert L. and Mary D. Ogden Limited Partnership, filed April 29, 2019 (Dkt. No. 42) ("Motion to Dismiss");[1] Motion for Partial Summary Judgment on Plaintiffs' claims of breach of contract under Texas law and fraudulent registration of the EL ARROYO service mark under Section 38 of the Lanham Act, 15 U.S.C. § 1120, also filed April 29, 2019 (Dkt. No. 43); and Motion for Partial Summary Judgment alleging that Plaintiffs abandoned the EL ARROYO mark, filed May 31, 2019 (Dkt. No. 48).

On July 18, 2019, the District Court referred the above Motions to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the U.S. District Court for the Western District of Texas. A hearing on the pending motions was held before the undersigned on August 29, 2019.

---

[1] Defendant asks the Court to resolve its Motion to Dismiss before considering its Motions for Partial Summary Judgment. Motion to Dismiss, Dkt. No. 42 at 1 n.1.

1

## I. BACKGROUND

This suit concerns ownership of the mark EL ARROYO ("the Mark"), which has been used in association with a restaurant on West Fifth Street in Austin for more than 40 years. Robert and Mary Ogden, the parents of Plaintiff Susan Ogden, opened the restaurant in 1975. In 1987, Mr. Ogden entered into a lease agreement with Defendant, which has operated the restaurant ever since.

In 1989, a Texas registration for the stylized mark EL ARROYO for restaurant services issued to Mr. Ogden.[2] In 1997, a federal registration of the EL ARROYO mark in standard characters for restaurant services issued to Defendant.[3] Both registrations have been renewed.

After Mr. Ogden died in 2008, the restaurant property passed by will to Mary Ogden and the Texas state trademark registration was transferred to her. In 2010, Mrs. Ogden created the Robert L. and Mary D. Ogden Limited Partnership and contributed the property on West Fifth Street to it. On April 1, 2016, the parties entered into a release and lease agreement. Mrs. Ogden died in 2017.

Plaintiffs filed this lawsuit on October 2, 2018, seeking a declaratory judgment "that they are the rightful and sole owner of the EL ARROYO mark in Texas and under Federal common law 15 U.S.C. § 1125" and transfer or cancellation of Defendant's federal registration. Dkt. No. 17, Second Amended Complaint (the "Complaint") at ¶ 68. Plaintiffs also assert claims for breach of contract under Texas law and false or fraudulent registration of the Mark under Section 38 of the Lanham Act.

Defendant contends in its counterclaims that Plaintiffs are attempting to gain additional rent and other lease concessions by falsely claiming ownership in the Mark. Defendant asserts counterclaims of breach of contract; fraud; fraud in a real estate transaction; and fraud in the

---

[2] Registration No. 4985917.
[3] Serial No. 2062437.

procurement, renewal, and assignment of the Texas registration. Among other relief, Defendant seeks cancellation of the Texas trademark registration and a judgment "[d]eclaring that Cozumel has superior rights to the Mark than Plaintiffs' rights in the Mark." Dkt. No. 19, Answer to Second Amended Complaint ("Answer") at 28.

## II. Motion to Dismiss under Rule 12(b)(1)

Defendant brings its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1). The motion applies only to Plaintiffs' first two claims: (1) declaratory judgment of ownership of the EL ARROYO mark "in Texas and under Federal common law 15 U.S.C. § 1125," and (2) false or fraudulent registration of the EL ARROYO mark by Defendant under Section 38 of the Lanham Act. Defendant argues that "Plaintiffs fail to clearly allege, much less establish through evidence, either actually owns any rights to the Mark today to bring these claims against Cozumel." Dkt. No. 42, Motion to Dismiss at 2.

### A. Legal Standard

A motion to dismiss under Rule 12(b)(1) brings into question the federal court's subject matter jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). "In considering a challenge to subject matter jurisdiction, the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Smith*, 756 F.3d at 347 (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)).

3

A motion to dismiss for lack of subject matter jurisdiction should be granted if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "However, where issues of fact are central both to subject matter jurisdiction and the claim on the merits, we have held that the trial court must assume jurisdiction and proceed to the merits." *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004). There are three avenues for a movant to demonstrate a lack of jurisdiction: (1) on the face of the complaint alone; (2) the complaint supplemented by undisputed facts in the record; and (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 173 n.1 (5th Cir. 2018); *Montez*, 392 F.3d at 149.

### B. Analysis

Defendant contends that because Plaintiffs failed to establish that either Plaintiff actually owns rights to the EL ARROYO Mark, they cannot establish standing to bring their claims to adjudicate rights to the Mark directly against Defendant. Therefore, Defendant argues, the Court lacks subject matter jurisdiction to hear Plaintiffs' trademark claims. Plaintiffs respond that they have not actually brought a claim under Lanham Act Section 43, 15 U.S.C. § 1125, but instead seek declaratory judgment of ownership under the federal common law only. As for their second count, Plaintiffs argue that claims under Lanham Act Section 38 are not limited to mark owners and can be brought by any person who would be damaged by a registration.

#### 1. Plaintiffs' Standing to Bring a Claim under Lanham Act Section 38

The Court addresses Plaintiffs' second claim first. Lanham Act Section 38 provides:

> Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.

4

By its plain terms, Section 38 provides a cause of action to "any person injured" by false or fraudulent registration of a mark. Plaintiffs thus are correct that this cause of action is not limited to the owner of a mark.

Plaintiffs have asserted rights in the EL ARROYO mark through operation of a restaurant under that name as purported licensors. Whether or not Plaintiffs will succeed on the merits of this claim at trial, the complaint alleges that Plaintiffs may be injured by Defendant's allegedly false or fraudulent registration of the Mark and therefore supports a finding of subject matter jurisdiction under Rule 12(b)(1).

As alleged, the parties' dispute is a substantial controversy of sufficient immediacy and reality for purposes of the present suit. The undersigned therefore recommends that the District Court **DENY** the Motion to Dismiss as to Plaintiffs' Claim II.

### 2. Plaintiffs' Standing to Bring a Claim under Lanham Act Section 43

We turn now to Plaintiffs' first claim. Count I of the Complaint, titled "Declaratory Judgment of 'El Arroyo' Trademark Ownership," alleges in part:

> 68. Plaintiffs are entitled to a declaration that they are the rightful and sole owner of the EL ARROYO mark in Texas and under Federal common law 15 U.S.C § 1125.
>
> 69. Plaintiffs are entitled to a declaration that Cozumel may not use the "El Arroyo" mark if its lease to Plaintiffs at 1624 W. 5th Street, Austin, Texas 78703 terminates for any reason.
>
> 70. Plaintiffs are entitled to a declaration that Cozumel may not use the "El Arroyo" mark in connection with any restaurant service beyond the scope of the Parties' license.

Plaintiffs contend in their Response to Defendant's Motion to Dismiss that they "have alleged federal common law rights in the EL ARROYO mark which, if infringed, would entitle Plaintiffs to relief under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)." That statute provides, in pertinent part:

5

> **(a) CIVIL ACTION**
>
> **(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person
>
> . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

It is unclear what Plaintiffs mean by asserting a claim under "Federal common law 15 U.S.C § 1125." Plaintiffs have not asserted infringement under Section 43 or otherwise explained how the "Federal common law" of trademarks entitles them to a declaratory judgment of ownership.

It is clear, nonetheless, that the fact issue of ownership of the EL ARROYO mark is central to both subject matter jurisdiction and the merits of Plaintiffs' first claim.[4] Resolution of the jurisdictional issue on a Rule 12(b)(1) motion thus would be improper.

Where "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56. *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir. 1981); *see also Daigle v. Opelousas Health Care, Inc.,* 774 F.2d 1344, 1347 (5th Cir. 1985) ("This court, consistent with the great weight of legal authority, has held that when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper

---

[4] *See, e.g.*, Defendant's Reply in Support of Motion to Dismiss, Dkt. No. 52 at 7 (stating that "Plaintiffs' alleged injuries are all related to ownership interest in the Mark").

procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case.").

Defendant contends that its motion should not be construed under Rule 12(b)(6), but addresses the standard provided by that rule in the alternative. Following the guidance of *Williamson*, the Court analyzes Defendant's motion as to Claim I under Rule 12(b)(6), which allows a party to move to dismiss an action for failure to state a claim on which relief can be granted.

### 3. Analysis of Plaintiffs' Claim I under Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

As stated above, Plaintiffs allege that "Susan Ogden and/or the Partnership are now the sole owners of The EL ARROYO Texas registration and all common law rights in the mark." Complaint at ¶ 45. Accepting these facts as true under the Rule 12(b)(6) analysis, Plaintiffs' first claim is facially plausible and raises their right to relief above the speculative level. Accordingly, the undersigned recommends that the District Court **DENY** Defendants' motion to dismiss for lack of subject matter jurisdiction as to Plaintiffs' Claim I.

### III. Motions for Partial Summary Judgment

In two separate motions, Defendant seeks partial summary judgment on (1) Plaintiffs' claim of breach of contract under Texas law and (2) Plaintiffs' claim that Defendant fraudulently registered the EL ARROYO mark under Lanham Act Section 38, as well as (3) Plaintiffs' purported abandonment of the Mark. The Court addresses each motion in turn.[5]

### A. Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if its resolution could affect the outcome of the action." *Dean v. Phatak*, 911 F.3d 286, 291 (5th Cir. 2018). When reviewing a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his

---

[5] The Court need not address Defendant's objections to certain of Plaintiffs' summary judgment evidence because this Report and Recommendation does not rely on any of the evidence to which Defendant objects. *See* Dkt. Nos. 51, 55, 56, and 58. Plaintiffs' Opposed Motion for Leave to Supplement Summary Judgment Record and Oppositions to Cozumel's Motions for Partial Summary Judgment is denied as untimely. *See* Dkt. Nos. 62 and 64.

favor." *Anderson*, 477 U.S. at 255. A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002). The nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports its claim. *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016). After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 175 (5th Cir. 2000).

### B. Breach of Contract and Fraudulent Registration Claims

In its first Motion for Partial Summary Judgment, Defendant seeks judgment as to Plaintiffs' claims of breach of contract under Texas law and fraudulent registration of the Mark under Section 38 of the Lanham Act, asserting that both are barred by laches. (Dkt. No. 43.)

Plaintiffs' claim of false or fraudulent registration stems from the allegation that Clay McPhail, then Defendant's president, made false and fraudulent statements to the U.S. Patent and Trademark Office in connection with Defendant's trademark application in 1993. *See* Complaint at ¶¶ 71-92. Plaintiffs' breach of contract claim is reproduced in its entirety below:

93. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

94. Cozumel's fraudulent registration is a breach of the Parties' trademark license agreement and constitutes a breach of contract under Texas law.

95. Plaintiffs are damaged by such breach in that Defendant has usurped the Ogden's federal trademark rights in the EL ARROYO mark and the property at 1624 W. 5th Street is less marketable without the clear ability of Plaintiffs to license the EL ARROYO mark at that location, or anywhere else.

*Id.* Thus, both of these claims are based on Defendant's federal trademark registration.

A federal trademark registration serves as constructive notice of the registrant's claim of ownership. Lanham Act § 22, 15 U.S.C. § 1072; *Iancu v. Brunetti*, 139 S. Ct. 2294, 2297-98 (2019). The subject registration issued to Defendant on May 20, 1997, meaning that Plaintiffs had constructive notice of Defendant's claim of ownership of the Mark for more than 20 years. Defendant, moreover, submitted evidence that at least Robert Ogden, Plaintiffs' predecessor-in-interest, had actual knowledge of the registration in the 1990s. *See* Dkt. No. 43, Exhibit D (McPhail Tr.) at 38:20-23; *id.*, Exhibit A (Ogden Tr.) at 25:17-26:12 (testifying that Robert Ogden learned that Defendant had "gone behind his back" to obtain a federal registration in the mid to late 1990s).

With respect to the fraudulent registration claim, Plaintiffs respond that laches does not apply because trademark infringement is a continuing tort in Texas, and Defendant's fraud is a continuing violation:

> The initial trademark registration, obtained while knowing that the Ogdens owned the Texas State registration, was procured by fraud. Cozumel perpetuated the fraud by filing renewals in 2003, 2007, and 2017 that were all "closely related" to the original fraudulent filing. These renewals also constitute fraud on the Patent and Trademark Office because Cozumel asserted interstate use of the EL ARROYO mark in connection with restaurant services when, in fact, the only El Arroyo restaurant located outside of Texas closed in 1999. In light of the continuing nature of Defendant's fraud, summary judgment on Cozumel's laches defense is inappropriate.

Dkt. No. 46 at 10. As discussed above, however, Plaintiffs did not plead a claim of trademark infringement; nor did they specifically plead fraud in the renewal of Defendant's registration.

The defense of laches applies when there is "an inexcusable delay that results in prejudice to the defendant." *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 622 (5th Cir. 2013) (quotations omitted). There are three elements to laches:

1. delay in asserting trademark rights,
2. lack of excuse for the delay, and
3. undue prejudice to the defendant caused by the delay.

*Id.*

Because there is no statute of limitations for a claim of false or fraudulent registration under Lanham Act Section 38, federal courts apply the defense of laches to untimely claims, referring to analogous state statutes of limitations to aid in determining what length of delay is excusable. *Jaso v. Coca Cola Co.*, 435 Fed. App'x 346, 356 (5th Cir. 2011); *Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 859 (N.D. Tex. 2009). A Lanham Act violation is governed by the four-year statute of limitations under Texas law. *Mary Kay*, 601 F. Supp. 2d at 859-60.

The Court finds each of the elements of laches satisfied as to Plaintiffs' claim of false or fraudulent registration. Plaintiffs delayed for more than 20 years in asserting rights under Lanham Act Section 38, and they offer no excuse for the delay, satisfying the first two laches elements. Given the lengthy and fraught business relationship between the parties, it is unclear whether Defendant would suffer economic prejudice defending itself against a claim of false or fraudulent registration today. What is clear, however, is that some evidence concerning the registration has become unavailable over the past 22 years, most notably due to the deaths of Robert and Mary Ogden, creating evidentiary prejudice that satisfies the third element. Accordingly, the defense of laches applies to this case.

As for the breach of contract claim, Plaintiffs make numerous arguments, including that the parties dispute facts material to the existence of a license and whether Defendant breached it; that breach of the license is not time-barred because "the claim did not accrue until Defendant ceased payment of the license fee and asserted ownership of all rights in the EL ARROYO name," Dkt. No. 46 at 6-7; and that Defendant has breached the license each time it renewed its registration. But Plaintiffs did not plead fraud in the renewal or the other bases for its breach of contract claim, resting it instead on Defendant's federal trademark registration alone.

Under Texas law, a cause of action for breach of contract also is subject to a four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.004, 16.051; *Smith Int'l, Inc. v. Egle Grp.*, 490 F.3d 380, 386 (5th Cir. 2007). As explained above, Plaintiffs had both actual and constructive notice of Defendant's federal registration for more than 20 years before commencing this proceeding; they have offered no excuse for the delay related to the existence of the federal registration; and the delay has caused Defendant evidentiary prejudice at least.

The Magistrate Judge therefore recommends that the District Court **GRANT** Defendant's motion for partial summary judgment as to Plaintiffs' claims of breach of contract and false or fraudulent registration as barred by the doctrine of laches.

### C. Defense of Abandonment

Finally, we address Defendant's Motion for Partial Summary Judgment alleging that Plaintiffs abandoned the EL ARROYO mark. (Dkt. No. 48). A mark is deemed abandoned if "its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for 3 consecutive years shall be prima facie evidence of abandonment." Lanham Act Section 45, 15 U.S.C. § 1127.

In its Answer, Defendant asserted as an affirmative defense that the Complaint "is barred in whole or in part by Plaintiffs' substantial period of non-use with no intent to resume use, and hence

12

abandonment, of Plaintiffs' alleged rights in the Mark." Answer at ¶ 101. Defendant contends that Plaintiffs terminated any licensing agreement they had with Defendant in the April 1, 2016 release and commercial lease agreements. Dkt. No. 48 at 13. Because Plaintiffs used the EL ARROYO mark only as licensors, Defendant argues that it has established a prima facie case of abandonment as of April 1, 2019, based on Plaintiffs' nonuse of the Mark for three consecutive years. *Id.* at 9.

Assuming that Defendant has established a prima facie case of abandonment, the burden of production shifts to Plaintiffs to come forward with evidence either that the Mark in fact was in use during the alleged nonuse period, or that they had the intent to resume use. *See Exxon Corp. v. Humble Exploration Co.*, 695 F.2d 96, 99 (5th Cir. 1983) ("The burden of proof is on the party claiming abandonment, but when a prima facie case of trademark abandonment exists because of nonuse of the mark for over two consecutive years,[6] the owner of the mark has the burden to demonstrate that circumstances do not justify the inference of intent not to resume use.").

The undersigned finds that Plaintiffs have identified evidence sufficient to establish that there are genuine issues of material fact as to both use of the Mark through a license to Defendant and Plaintiffs' intent to resume use of the Mark. First, with respect to nonuse, the parties do not contest that the EL ARROYO mark has been in continuous use for restaurant services during the period of the alleged abandonment. Their dispute instead centers on to whom the rights in the Mark have accrued. Plaintiffs and Defendant disagree whether the April 1, 2016 lease agreement and release, neither of which explicitly addresses use of the Mark, terminated any licensing agreement between them. The undersigned finds that there is a genuine dispute of material fact created by the contracts of record as to whether Plaintiffs have used the EL ARROYO mark through Defendant as licensee since April 1, 2016.

---

[6] Lanham Act Section 45 was subsequently amended to change the nonuse period from two to three years.

Second, as to Plaintiffs' intent, summary judgment on the issue of intent is rarely proper. *See Guillory v. Domtar Indus.*, 95 F.3d 1320, 1326 (5th Cir. 1996) ("Though summary judgment is rarely proper when an issue of intent is involved, the presence of an intent issue does not automatically preclude summary judgment; the case must be evaluated like any other to determine whether a genuine issue of material fact exists."). Intent to resume use in trademark abandonment cases has been equated with a showing of special circumstances excusing nonuse. *Imperial Tobacco Ltd. v. Philip Morris, Inc.*, 899 F.2d 1575, 1581 (Fed. Cir. 1990). As the Fifth Circuit explained in *Exxon*, 695 F.2d at 102-03:

> There is a difference between intent not to abandon or relinquish and intent to resume use in that an owner may not wish to abandon its mark but may have no intent to resume its use. . . . An "intent to resume" requires the trademark owner to have plans to resume commercial use of the mark. Stopping at an "intent not to abandon" tolerates an owner's protecting a mark with neither commercial use nor plans to resume commercial use. Such a license is not permitted by the Lanham Act.

Here, Plaintiffs point out that they began eviction proceedings against Defendant in 2018 and filed this action on April 30, 2018, less than three years after April 1, 2016, when the parties signed the lease agreement and release that Defendant contends terminated any license. In her declaration, Plaintiff Susan Ogden testified that: "Had Cozumel been evicted or should it otherwise leave the premises, I would have every intention of finding a new operator to run the El Arroyo restaurant and would license the mark to them." Dkt. No. 54, Exhibit A at ¶ 11. Defendant replies that the lease, which extends to 2032, "does not expire for over a decade and a Travis County Court has already determined Cozumel could not be evicted." Dkt. No. 57 at 10.

Even if Plaintiffs' efforts to evict Defendant have failed, Plaintiffs have been attempting to take control of the restaurant, which remains open, and actively litigating this case during the three-year period of their nonuse of the EL ARROYO mark asserted by Defendant. The specific facts

14

before us rebut any presumption that Plaintiffs had an intent not to resume use of the Mark at the summary judgment stage. These are concrete actions, not equivalent to mere assertion of "a vague, subjective intent to resume use of a mark at some unspecified future date." *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004) (quotation omitted). Thus, even were the Court to find that Plaintiffs did not use the Mark under the 2016 contracts, a genuine fact issue would remain as to Plaintiffs' intent.

Viewing all inferences in the light most favorable to Plaintiffs, the record evidence shows that there are genuine issues of material fact as to whether Defendant's use of the EL ARROYO mark for restaurant services accrued to Plaintiffs as licensors over the three years beginning April 1, 2016, and if not, whether Plaintiffs had the intent not to resume use of the Mark for such services during that time. Based on this evidence, the undersigned recommends that the District Court **DENY** Defendant's Motion for Partial Summary Judgment on Plaintiffs' purported abandonment of the EL ARROYO mark.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Dismiss (Dkt. No. 42); **GRANT** Defendants' Motion for Partial Summary Judgment (Dkt. No. 43); and **DENY** Defendants' Motion for Partial Summary Judgment on Plaintiffs' alleged abandonment of the EL ARROYO Mark (Dkt. No. 48).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 472-74 (1985); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. **SIGNED** on August 29, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE