IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUSAN OGDEN AND ROBERT L. AND MARY D. OGDEN LIMITED PARTNERSHIP,<br>*Plaintiffs,*<br><br>v.<br><br>COZUMEL, INC. D/B/A EL ARROYO,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. A-18-CV-00358-DAE-SH |

**O R D E R**

On September 16, 2019, the District Court filed an Amended Order of Referral referring to the undersigned all pending and future motions in this case, pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and Rule 1 of Appendix C to the Local Rules of the U.S. District Court for the Western District of Texas.[1]

Before the Court are Plaintiffs' Opposed Motion for Leave to File Plaintiffs' Motion for Partial Summary Judgment ("Motion for Leave to File") (Dkt. No. 69); Defendant's Motion to Strike Late Filed Pleading and Confirm Deemed Admissions ("Motion to Strike") (Dkt. No. 72); and the associated response and reply briefs (Dkt. Nos. 75, 77, 78, and 81).

### I. BACKGROUND

This suit concerns ownership of the mark EL ARROYO, which has been used for more than 40 years in association with an Austin restaurant. On September 18, 2019, the District Court accepted and adopted a Report and Recommendation to, inter alia, grant Defendant's Motion for Partial Summary Judgment on the basis that Plaintiffs' claims for breach of contract and false or

---

[1] On October 7, 2019, this case was reassigned from Judge Lee Yeakel to Judge David A. Ezra for all proceedings. Dkt. No. 82.

1

fraudulent federal registration are barred by the doctrine of laches (Dkt. Nos. 66 and 73). Plaintiffs now seek leave to file a motion for partial summary judgment as to Defendant's claim of fraud in the procurement of Plaintiffs' Texas state trademark registration on the basis that it too is barred by the doctrine of laches. Defendant opposes Plaintiffs' motion, pointing out that the deadline for dispositive motions expired more than four months ago, on May 31, 2019, and jury trial is set for November 2019, just a few weeks away.

As for the Motion to Strike, Plaintiffs' Motion to Dismiss Defendant's Counterclaims was denied on March 26, 2019 (Dkt. No. 41), making Plaintiffs' Answer to Defendant's Counterclaims ("Answer") due on April 9, 2019, pursuant to FED. R. CIV. P. 12(a)(4)(A). Yet Plaintiffs did not file their Answer (Dkt. No. 19) until September 13, 2019, due to "counsel's inadvertent oversight." Dkt. No. 77 at 1. Defendant now moves to "strike the late-filed answer and confirm Defendant's allegations are deemed admitted" under FED. R. CIV. P. 8(b)(6). Dkt. No. 72 at 2. Plaintiffs argue in response that Defendant was aware of Plaintiffs' allegations and defenses to its counterclaims; Defendant would not be prejudiced by permitting Plaintiffs' late-filed Answer; and "Defendant's Position is contrary to the Fifth Circuit's preference for decisions on the merits." Dkt. No. 77 at 7.

## II. ANALYSIS

The Court addresses the two motions in turn.

### A. Motion for Leave to File

FED. R. CIV. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause standard "requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1552.1 (2d ed. 1990)). In making the good cause determination, courts consider four factors: (1) the explanation for the

failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019); *see also Vazquez v. State Farm Lloyds*, 2019 WL 2564573, at *2 (W.D. Tex. Mar. 13, 2019) (applying these factors to request to modify dispositive motion deadline).

Where, as here, the time to act has expired, it may be extended by motion "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Factors used to determine "excusable neglect" include: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006); *see also Rivero v. Sunbeam Prods.*, 2010 WWL 1752532, at *1 (W.D. Tex. April 29, 2010).

"Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010).

> The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like. Thus, a court's refusal to allow the filing of a substantive motion on the eve of trial three months after the expiration of a deadline . . . should normally be deemed well within the court's discretion.

*Edwards v. Cass Cty., Tex.,* 919 F.2d 273, 275 (5th Cir. 1990).

Here, more than four months after the dispositive motion deadline, Plaintiffs have established neither good cause nor excusable neglect. Plaintiffs argued only the elements of excusable neglect in their opening brief. *See* Dkt. No. 69 at 3-4. Nonetheless, the Court addresses both standards.

### 1. Plaintiffs Have Not Shown Good Cause to Modify the Scheduling Order

First, Plaintiffs explain that their late filing is appropriate in light of the Court's decision to grant summary judgment dismissing certain of Plaintiffs' claims. Defendant argues in response that Plaintiffs "made an intentional decision not to file the motion months ago." Dkt. No. 75 at 5. The undersigned finds Defendant's argument persuasive. Plaintiffs state that they "did not file a motion for summary judgment to dismiss Defendant's fraud claims based on the good-faith belief that fraud claims were continuing torts and were, therefore, not subject to a laches defense." Dkt. No. 69 at 3. Plaintiffs thus made a strategic decision, an explanation that does not constitute good cause for failing to timely comply with the Court's scheduling order. "Good cause does not typically include a change of heart on a litigation strategy." *FCCI Ins. Co. v. DS Mech. Contractors, Inc.*, 2017 WL 11218982, at *5 (W.D. Tex. July 25, 2017) (quoting *Martinez v. Petrenko*, 792 F.3d 173, 180 (1st Cir. 2015)) (internal quotations omitted).

Second, as to the importance of the modification, the undersigned finds that it would not be appropriate to modify the scheduling order to permit an additional motion for partial summary judgment because the parties' claims will be adjudicated at the trial scheduled to begin in just a few weeks. As for the third factor, modifying the scheduling order to permit the dispositive motion Plaintiffs seek would prejudice Defendant, not only by inappropriately prolonging the case but also because Plaintiffs did not assert an affirmative defense of laches until they filed their untimely Answer, discussed further *infra*, on the same day as their Motion for Leave. Finally, permitting Plaintiffs to pursue this defense newly asserted after 17 months of litigation would cause prejudice to Defendant that could not be cured by a continuance at this late stage of the case. For the foregoing reasons, Plaintiffs' Motion for Leave does not satisfy the good cause standard.

### 2. Plaintiffs Have Not Established Excusable Neglect

Turning to excusable neglect, first, the danger of prejudice to Defendant as non-movant is substantial, for the reasons discussed in the preceding paragraph. Second, the delay in permitting briefing of a motion for partial summary judgment and, presumably, discovery on newly asserted affirmative defenses would be substantial and would have a significant potential impact on judicial proceedings because trial is imminent. Third, the delay is caused by Plaintiffs' strategic decisions, which were within their reasonable control. The only factor weighing in Plaintiffs' favor is the fourth, as they appear to have pursued their motion in good faith.

Because Plaintiffs have established neither good cause nor excusable neglect, their Opposed Motion for Leave to File Plaintiffs' Motion for Partial Summary Judgment is **DENIED**.

### B. Motion to Strike

The undersigned next addresses Defendant's Motion to Strike. There is no question that Plaintiffs' Answer to Defendant's Counterclaims was filed more than five months late; that Plaintiffs failed to move the Court for leave to file their untimely Answer; and that Plaintiffs have shown neither good cause nor excusable neglect, blaming only "counsel's inadvertent oversight" for a late pleading that was "lost in the shuffle." Dkt. No. 77 at 1, 3, 6.

Although the allegations in a counterclaim are deemed admitted under FED. R. CIV. P. 8(b)(6) when the counterclaim defendant fails to answer, as Plaintiffs argue, "the purpose of this rule is 'to avoid unfair surprise by the party who failed to file a responsive pleading.'" *Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 203 (5th Cir. 2018) (quoting *Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 436 (5th Cir. 1987)), *cert. denied sub nom. Hill v. PBL Multi-Strategy Fund, L.P.*, 139 S. Ct. 1272 (2019). "The rules of procedure are tools to facilitate the smooth and expeditious litigation of cases; they are not intended as weapons to be

used by one party to undermine and destroy an opponent." *Bitterroot Holdings, LLC v. Bank of N.Y. Mellon*, 2015 WL 11661763, at *4 (W.D. Tex. Nov. 16, 2015).

While there is broad discretion in striking a pleading, motions to strike are generally viewed with disfavor and infrequently granted. *See, e.g., Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1058 (5th Cir. 1982); *Am. S. Ins. Co. v. Buckley,* 748 F. Supp. 2d 610, 626-27 (E.D. Tex. 2010). The Court has a significant interest in resolving cases on their merits instead, particularly where, as here, "the record is clear that both parties have appeared and are actively litigating all aspects of their controversy." *Beasley v. Avery Dennison Corp.*, 2006 U.S. Dist. LEXIS 74040, at *4 (W.D. Tex. Oct. 4, 2006) (declining to enter default judgment "in the interest of equity and justice" where answer to counterclaim was filed late).

In its opening Motion to Strike, Defendant does not assert, much less establish, that it will suffer any prejudice as a result of Plaintiffs' late filing of their Answer. *See In re Katrina Canal Breaches Consol. Litig.*, 2011 WL 5570223, at *6 (E.D. La. Nov. 16, 2011) (denying motion to strike an untimely answer to counterclaims where no prejudice was shown, stating: "This case and the respective positions of all parties has been clear from the outset. This case does not present an instance where there is no appearance by a party. Defendants filed a counterclaim and those issues will be tried along with the main demand."). It is not until its Reply brief that Defendant claims it will suffer prejudice, specifically through admission of Plaintiffs' Affirmative Defenses. *See* Dkt. No. 81, at 6-7.

The undersigned agrees that the assertion of affirmative defenses long after the close of discovery and the dispositive motion deadline constitutes unfair surprise and therefore prejudice to Defendant. Plaintiffs argue that their motion to dismiss Defendant's trademark fraud counterclaims as barred by statute of limitations (Dkt. No. 23, filed September 21, 2018), in

6

particular, gave Defendant notice that Plaintiffs would assert a laches defense. *See* Dkt. No. 77 at 5. But here, Plaintiffs' failure to timely file an Answer asserting such a defense after their Motion to Dismiss Defendant's Counterclaims was denied in pertinent part could have prompted Defendant to draw the opposite conclusion instead. *See, e.g.*, *GLF Constr. Corp. v. Dallas Area Rapid Transit Auth.*, 2012 WL 12882075, at *1 (N.D. Tex. March 7, 2012) (stating that "the purpose of an answer is to provide notice of defenses to each claim and to admit or deny each allegation asserted"); *cf. Trotter*, 818 F.2d at 436 (finding on the facts of that case that a motion for summary judgment gave plaintiff "plain notice that the question of actual malice was a matter to be litigated").

Accordingly, the Court **GRANTS IN PART** Defendant's Motion to Strike as to the Affirmative Defenses in Plaintiffs' Answer. Otherwise, because motions to strike are disfavored and the prejudicial effect on Defendant does not outweigh the Court's significant interest in deciding this case on the merits, all other relief sought in Defendant's Motion to Strike is **DENIED** and the Court accepts Plaintiffs' untimely Answer to Defendant's Counterclaims.

### III. CONCLUSION

Plaintiffs' Opposed Motion for Leave to File Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 69) is **DENIED**.

Defendant's Motion to Strike Late Filed Pleading and Confirm Deemed Admissions (Dkt. No. 72) is **GRANTED IN PART**. Plaintiffs' Affirmative Defenses are hereby stricken from Plaintiffs' Answer to Counterclaims. Defendant's Motion to Strike is otherwise **DENIED**.

**SIGNED** on October 9, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE