IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUSAN OGDEN AND ROBERT L. AND MARY D. OGDEN LIMITED PARTNERSHIP,<br>*Plaintiffs,*<br><br>v.<br><br>COZUMEL, INC. D/B/A EL ARROYO,<br>*Defendant.* | § § § § § § § § § | CIVIL NO. A-18-CV-00358-DAE-SH |

**O R D E R**

Before the Court are Plaintiffs' Motion in Limine (Dkt. No. 86) and Defendant's Motion in Limine (Dkt. No. 98), both filed October 10, 2019. On September 16, 2019, the District Court filed an Amended Order of Referral referring to the undersigned all pending and future motions in this case, pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and Rule 1 of Appendix C to the Local Rules of the U.S. District Court for the Western District of Texas.

## I. Legal Standards

"The purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potential prejudicial nature, are best addressed in the context of a motion *in limine*." *Maggette v. BL Dev. Corp.*, 2011 WL 2134578, \*4 (N.D. Miss. May 27, 2011). All rulings on motions in limine are preliminary evidentiary rulings, not final. *Blue Spike, LLC v. Audible Magic Corp.*, 2016 WL 3877291, at \*1 (E.D. Tex. June 27, 2016). "Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, 2008 WL 2966006, at \*1 (S.D. Tex. July 30, 2008). Evidence is not excluded *in limine* "unless it is clearly inadmissible on all potential grounds." *Id*.

## II. Analysis

Applying the above standards, the Court makes the following rulings.

### A. Plaintiff's Motion in Limine

After considering Plaintiff's Motion in Limine (Docket No. 86), the Court finds that it should be **GRANTED IN PART AND DENIED IN PART**. The majority of Plaintiff's requests are already addressed in the Federal Rules of Evidence (*e.g.*, No. 7); better suited as proposed jury instructions (No. 8); or otherwise overly broad, void of specific context, and insufficiently supported. The only request the undersigned finds to have merit is Motion in Limine No. 3: "References to Plaintiffs' or the Ogden family's financial resources." Accordingly, the Court **GRANTS** Plaintiff's Motion in Limine No. 3 and **DENIES** all of Plaintiff's remaining requests without prejudice to objection at trial.

### B. Defendant's Motion in Limine

After considering Defendant's Motion in Limine (Dkt. No. 98), the Court finds that it should be **DENIED**. Each of Defendant's requests is already addressed by the Federal Rules of Evidence (*e.g.*, Nos. 1 and 16); goes to fact issues that may be decided at trial (*e.g.*, No. 12); or is overly broad, void of specific context, or otherwise unsupported. Defendant has failed to demonstrate that any of the evidence it seeks to exclude is inadmissible on all potential grounds. Accordingly, the Court **DENIES** Defendant's Motion in Limine without prejudice to objection at trial.

**SIGNED** on October 18, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE